IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA MATSON<br><br>            Plaintiff,<br>   v.<br><br>SCO, SILVER CARE OPERATIONS, LLC, et al.<br><br>            Defendants. | CIVIL ACTION NO.: 1:19-cv-15375 |

## FIRST AMENDED CIVIL ACTION COMPLAINT

Plaintiff Lisa Matson ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against South Center Street Nursing LLC d/b/a Alaris Health at St. Mary's (hereinafter "Defendant").

## INTRODUCTION

1.  Plaintiff has initiated the instant action to redress Defendant's violations of the New Jersey Law against Discrimination ("NJLAD") and the Family and Medical Leave Act ("FMLA"). Defendant fired Plaintiff because of her disability or perceived disability and/or for requesting and/or using an accommodation for a disability and/or for requesting and/or using FMLA-protected leave and/or to prevent her from taking FMLA-protected leave in the future. As a result of Defendant's actions, Plaintiff suffered damages as set forth herein.

## PARTIES

2.  The foregoing paragraphs are incorporated herein as if set forth in full.

3.  Plaintiff is an adult individual with an address as set forth in the caption.

4.  Defendant South Center Street Nursing LLC d/b/a Alaris Health at St. Mary's is an entity operating a nursing and rehabilitation facility at an address as set forth in the caption.

5. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. At all times relevant hereto, Plaintiff suffers from anxiety and depression (hereinafter collectively referred to as "Disability").

8. On or around April 1, 2015, Defendant hired Plaintiff as a Registered Respiratory Therapist.

9. On or around May 18, 2016, Plaintiff's coworker, Keriann Benjamin ("Co-worker Benjamin"), verbally threatened Plaintiff.

10. Plaintiff immediately reported the incident to Defendant Regional Director of Respiratory, Gary Morgenroth, and Defendant's aide to in-house counsel, Billy Jean O'Brien.

11. On or around May 19, 2016, Plaintiff suffered a flare-up of her Disability, severe anxiety attack, due to Co-worker Benjamin's threat.

12. Later that day, Plaintiff called out of work due to her severe anxiety attack.

13. On or around May 24, 2016, Plaintiff began a medical leave of absence due to her Disability.

14. At no point did Defendant notify Plaintiff of her right to take FMLA-protected leave.

15. During her medical leave of absence, Plaintiff sought treatment with her physician for her Disability.

16. On or around June 27, 2016, Plaintiff returned to work with a work restriction whereby Plaintiff was limited from working no more than three days in succession.

17. Upon her return to work, Plaintiff stepped down from her position as Respiratory Therapy Director to her former position as a general staff member.

18. Thereafter, Defendant promoted Mike Brick to Respiratory Therapy Director ("Director Brick").

19. Additionally, Plaintiff requested that she not be scheduled on the same work shifts as Co-worker Benjamin due to the incident she reported in May 2016 as working with him would exacerbate her Disability.

20. Defendant denied Plaintiff's requests for accommodations.

21. In or around July 2016, Respondent hired Isabel Rua for the position of Respiratory Therapy Director ("Director Rua").

22. Despite Plaintiff's repeated request for an accommodation (i.e., not scheduling her for more than three shifts in a row), Director Brick and Director Rua continued to schedule Plaintiff for four days in a row every other week.

23. Furthermore, Director Brick and Director Rua continued to schedule Plaintiff on the same shift as Co-worker Benjamin.

24. On or around August 12, 2016, Defendant issued Plaintiff a write-up for allegedly providing a patient with a product that was not typically in stock.

25. In fact, the product at issue was on Plaintiff's nursing cart when she arrived at work that day.

26. Defendant's disciplining of Plaintiff for this alleged infraction was in retaliation for her repeated requests for an accommodation and her prior use of FMLA-protected leave.

27. On or around August 25, 2016, Plaintiff submitted a doctor's note reiterating her three-day work restriction, but Defendant continued to ignore her requests for the accommodation.

28. In or around early September 2016, Plaintiff had a telephone conference with Director Brick and Director Rua regarding her August 12, 2016 write-up.

29. During the call, Defendant further retaliated against Plaintiff by issuing her a two-day suspension related to the August 12, 2016 write-up.

30. On or around September 26, 2016, Defendant finally complied with Plaintiff's work restriction and limited her schedule to three workdays.

31. On or around November 13, 2016, Co-worker Benjamin again threatened Plaintiff, stating, "*I will have you taken out in the parking lot.*"

32. On or around November 18, 2016, Plaintiff submitted a complaint to Director Brick and Director Rua regarding the November 13, 2016 incident with Co-worker Benjamin.

33. On or around November 19, 2016, Plaintiff called out of work due to a flare-up of her Disability and took a medical leave.

34. Defendant failed to designate Plaintiff's November 19, 2016 medical leave as FMLA protected leave.

35. Or around November 21, 2016, Plaintiff returned to work.

36. On or around November 22, 2016, Director Brick and Director Rua called Plaintiff into a meeting regarding Plaintiff's two complaints against Co-worker Benjamin.

37. During the meeting, Plaintiff explained to Director Brick that the incidences had exacerbated her Disability.

38. Director Brick then stated, *"I don't know what your personal problems are but this job may be too stressful for you. You should probably go on leave."*

39. Director Brick was so frustrated and upset that he abruptly left the meeting before it had concluded and did not return.

40. Director Rua stated that she would investigate Plaintiff's complaints and inform Plaintiff of her findings.

41. On or around November 28, 2016, Plaintiff went on a scheduled vacation and returned to work on or around December 7, 2016.

42. Upon her return, Director Brick and Director Rua called Plaintiff into a meeting and fired her.

43. Director Brick and Director Rua stated that Plaintiff was fired for the incident that occurred with Co-worker Benjamin on November 13, 2016.

44. Plaintiff later learned that Defendant neither fired nor disciplined Co-worker Benjamin for the incident.

45. Defendant's proffered reason for firing Plaintiff was mere pretext.

46. When Defendant neither fired nor disciplined Co-Worker Benjamin for threatening Plaintiff but instead fired Plaintiff the only substantial difference between them was that Plaintiff suffered from her Disability and needed leave related to same.

47. Defendant's real reason for firing Plaintiff was due to her disability or perceived disability, for requesting/or using an accommodation for a disability in the form of medical leave of absence, for requesting/using protected FMLA leave, and/or to prevent Plaintiff from taking additional protected FMLA leave.

48. Director Brick's exasperated response to Plaintiff's need for leave for her Disability betrays Defendant's reason for firing Plaintiff (her Disability and need for leave related to same), which was wholly unrelated to the incident with her Co-worker Benjamin.

49.     Defendant's pattern in failing to comply with Plaintiff's requests for an accommodation, its negative reaction to Plaintiff revealing that she suffered from a Disability, and failure to fulfill its duties under the FMLA demonstrates Defendant's animus against Plaintiff due to her Disability and need for leave related to same.

50.     As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT I
## Violation of the New Jersey Law Against Discrimination ("NJLAD")
### (Disability/Perceived Disability Discrimination)

51.     The foregoing paragraphs are incorporated herein as if set forth in full.

52.     At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJLAD.

53.     At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

54.     At all times relevant herein, Plaintiff's disabilities, specifically her anxiety and depression, rendered her an individual with a disability under the NJLAD.

55.     At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from disabilities.

56.     The NJLAD prohibits employers, such as Defendant, from terminating an employee on the basis of a disability.

57.     Defendant violated Plaintiff's rights under the NJLAD by firing Plaintiff because she had requested because she had requested and/or taken medical leave.

58.     Defendant violated Plaintiff's rights under the NJLAD by firing Plaintiff because she was suffered from disabilities.

59. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
### Violation of the New Jersey Law Against Discrimination ("NJLAD")
**(Retaliation)**

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. Plaintiff requested a reasonable accommodation from Defendant due to her disabilities.

62. Requesting an accommodation for a disability is a protected activity under the NJLAD.

63. Defendant fired Plaintiff because Plaintiff requested intermittent medical leave related to her disabilities.

64. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
### Violations of the Family and Medical Leave Act
**(Interference)**

65. The foregoing paragraphs are incorporated herein as if set forth in full.

66. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

67. At the time of his relevant medical leave Plaintiff had been employed by Defendant for at least twelve (12) months.

68. Further, Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to May 2016.

69. Defendant employed in excess of 50 employees within 75 miles of the location where Plaintiff worked during 2015 and 2016.

70. Plaintiff's severe anxiety constituted a serious health condition under the FMLA.

71. Plaintiff's Disability constituted serious health conditions under the FMLA.

72. Plaintiff was entitled to receive leave for said serious health conditions pursuant to 29 U.S.C.A. § 2612 (a)(1), and Defendant was not permitted to retaliate against Plaintiff for exercising his rights under the FMLA.

73. Plaintiff provided notice to Defendant that he suffered from a serious health condition and that she needed to take a leave of absence because of said conditions.

74. Defendant interfered with Plaintiff's FMLA rights by firing her to prevent her from taking further FMLA leaves.

75. Defendant's violation of the FMLA was both willful and intentional.

76. Plaintiff suffered damages as set forth herein.

## COUNT IV
## Violations of the Family and Medical Leave Act
## (Retaliation)

77. The foregoing paragraphs are incorporated herein as if set forth in full.

78. Plaintiff provided notice to Defendant that she suffered from a serious health conditions and that he needed to take certain days off because of said conditions.

79. Defendant retaliated against Plaintiff by firing Plaintiff for taking and requesting FMLA-qualifying absences.

80. Defendant's retaliatory actions constitute unlawful acts under the FMLA.

81. Defendant's violation of the FMLA was both willful and intentional.

82. Defendant's unlawful conduct caused financial harm and other damage to Plaintiff.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from maintaining their illegal policy, practice, or custom of discriminating against employees or prospective employees based on disability;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C. Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded liquidated damages pursuant to the FMLA because Defendant's violations of the FMLA were willful;

E. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

G. Plaintiff's claims are to receive a trial by jury.

(*Signature on next page*)

                          Respectfully Submitted,

                          */s/ Daniel A. Horowitz*
                          Daniel A. Horowitz, Esq.
                          Matthew D. Miller, Esq.
                          Richard S. Swartz, Esq.
                          **SWARTZ SWIDLER, LLC**
                          1101 Kings Highway North, Suite 402
                          Cherry Hill, NJ 08034
                          Phone: (856) 685-7420
                          Fax: (856) 685-7417
                          *Attorneys for Plaintiff*

Date: September 27, 2019